FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *(Northern Division)*

2016 OCT -6 PM 3: 32

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| DR. AMR FAWZY<br>56 Kent Street<br>Scituate, Massachusetts 02066 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: **RDB 16 CV 3363** |
| WAUQUIEZ BOATS SNC<br>ZI Rue du Vertuquet<br>59960 Neuville en Ferrain, France | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT

Plaintiff, DR. AMR FAWZY (hereinafter, "FAWZY"), by and through his attorneys, Alexander M. Giles, Imran O. Shaukat, and Semmes, Bowen & Semmes, for its Verified Complaint against Defendant WAUQUIEZ BOATS SNC (hereinafter, "WAUQUIEZ"), alleges upon information and belief as follows:

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract, for products liability under the general maritime law, and pursuant to admiralty tort jurisdiction.

2.      At all times material hereto, Plaintiff FAWZY was and still is a citizen of the State of Massachusetts, with an address of 56 Kent Street, Scituate, Massachusetts 02066.

3.     At all times relevant hereto, Defendant WAUQUIEZ was and still is a foreign business entity duly organized and existing under the laws of France, with an address at ZI Rue du Vertuquet, 59960 Neuville en Ferrain, France.

4.     On or about June 15, 2011, Plaintiff FAWZY entered into a Sales Contract with Defendant WAUQUIEZ to build a PILOT SALOON 55 vessel (hereafter "the Vessel"). *See* Sales Contract, attached hereto as Exhibit 1.

5.     The parties also entered into an "Addendum to Sales Contract" on that same date that provided for certain amendments and modifications to the terms of contract that required certain continuing obligations of both parties as to the delivery of the Vessel and the periodic possession and use of the Vessel thereafter by WAUQUIEZ at the Cannes Boat Show in Cannes, France and the Genoa Boat Show at Genoa, Italy. *See* Addendum to Sales Contract, attached as part of Exhibit 1.

6.     The Vessel was finally delivered to Plaintiff FAWZY on December 20, 2011 in Port Camarque. However, it was delivered without a certificate of construction of the builder (or certificate of compliance), in violation of Clause 1.6 of the Sales Contract.

7.     Over the next two years, including while fulfilling the terms of the added commitments for possession and use of the Vessel, the Vessel experienced numerous problems pertaining to the main sail, the foresail, and other components of the Vessel, many of which only became apparent while the Vessel was underway with Plaintiff onboard, which resulted in great danger to Plaintiff's life.

8.     Despite the periodic attempts by WAUQUIEZ to address the defects and make any required repairs or to effect any replacement of the defective components, the problems persisted.

2

9.     Plaintiff FAWZY retained counsel in France during the summer of 2013, who authored a demand letter to WAUQUIEZ on August 30, 2013. *See* Letter from the law firm of Revel Basuyaux Pourre (with inserted English translations), dated August 30, 2013, attached hereto as Exhibit 2.

10.    Defendant WAUQUIEZ never responded to the August 30, 2013 letter of counsel.

11.    Shortly thereafter, Plaintiff FAWZY initiated suit in France against Defendant WAUQUIEZ seeking return of the purchase price of the Vessel and other, related expenses caused by the repetitive but unsuccessful attempts to repair or replace the defective components. That suit is currently still pending but unresolved as of October 2016.

12.    As best as can now be estimated, Plaintiff FAWZY has experienced damages in the amount of $1,134,132.27. This figure is calculated as follows: $1,127,323.95 (purchase price of Vessel in Euros converted to USD at exchange rate in effect on December 20, 2011), plus $6,808.32 (cost of unexpected marina storage in France due to defective condition of Vessel's components, in Euros converted to USD at exchange rate in effect on August 30, 2013).

13.    Despite due demand, Defendant WAUQUIEZ has refused and/or otherwise failed to pay the amounts claimed by Plaintiff FAWZY.

14.    Since August 30, 2013, prejudgment interest (at the rate of 6% per annum) has been incurred on the principal due in the amount of $211,041.73.

15.    Plaintiff FAWZY estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting this claim may exceed $100,000.00.

16.    In all, the claim for which Plaintiff FAWZY sues in this action, as near as presently may be estimated, totals **$1,445,174.00**, no part of which has been paid by Defendant

3

WAUQUIEZ. Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure Plaintiff.

## REQUEST FOR RULE B RELIEF

1.      Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, of a vessel (or vessels), equipment, tackle, appurtenances, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, and/or letters of credit, of, belonging to, due or for the benefit of Defendant WAUQUIEZ BOATS SNC (collectively hereinafter, "ASSETS"), including, but not limited to, ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

2.      The total amount sought to be attached pursuant to the above is **$1,445,174.00**.

WHEREFORE, Plaintiff DR. AMR FAWZY prays:

a.      That process issue in accordance with Supplemental Rule B(1) of the Federal Rules of Civil Procedure to restrain and attach all tangible or intangible property of Defendant, up to and including **$1,445,174.00** including, but not limited to, a vessel (or vessels), equipment, tackle, appurtenances, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, and/or letters of credit, of, belonging to, due or being transferred from or for the benefit of Defendant WAUQUIEZ BOATS, including, but not limited to, ASSETS in its name and/or being transferred for its benefit at, through, or within the possession,

4

custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

b.      That Defendant be cited to appear and answer all and singular the matters aforesaid, and that the Plaintiff may have a judgment for the amount of its damages with interest and costs; and

c.      That Defendant, alternatively, be ordered to give security to Plaintiff for Plaintiff's claim currently pending in France in the amount of **$1,445,174.00**, or, in the event that Defendant is unable to give such security, that the vessel (or vessels), equipment, tackle, appurtenances, or any other non-liquid ASSETS be condemned and sold to provide security for all sums awarded to Plaintiff in the French proceeding; and

d.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including, but not limited to, the recognition and enforcement of any award or judgment entered against the Defendant in the French proceedings; and

e.      That this Court grant to Plaintiff such other and further relief as the justice of this cause may require and that this Court may deem just and proper.

                                    /s/
                    _____
                    Alexander M. Giles, Esquire, Fed. Bar No. 25474
                    Imran O. Shaukat, Esquire, Fed. Bar No. 30134
                    Semmes, Bowen & Semmes
                    25 S. Charles Street, Suite 1400
                    Baltimore, Maryland 21201
                    (410) 576-4882
                    (410) 539-5223 – facsimile
                    agiles@semmes.com
                    ishaukat@semmes.com

                    Attorneys for Plaintiff, Dr. Amr Fawzy

## VERIFICATION

1.      I am a Principal with the law firm of Semmes, Bowen & Semmes, attorneys for Plaintiff in this action.

2.      I have read the foregoing Verified Complaint and know the contents thereof. I verify under solemn affirmation that the facts alleged in the foregoing Complaint are true and accurate to the best of my knowledge, information, and belief.

3.      The sources of my information, and the grounds for my belief, are based upon communications, information, and documentation provided to me by the client and/or by other counsel also representing the client.

4.      Plaintiff is a citizen of Massachusetts, and, therefore, is not readily available in the District to make this verification. I am authorized by Plaintiff to execute this verification.

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of October, 2016.


_____
Alexander M. Giles


B1801988.DOC


7